UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CHRIS MONET,<br><br>        Plaintiff,<br><br>        v.<br><br>JPMORGAN CHASE BANK, N.A., et al.,<br><br>        Defendants. | Case No. 17-CV-00623-LHK<br><br>**ORDER GRANTING IN PART AND DENYING IN PART JPMORGAN CHASE'S MOTION TO DISMISS**<br><br>Re: Dkt. No. 10 |

Plaintiff Chris Monet ("Monet") sues Defendants JPMorgan Chase Bank, N.A. ("Chase") and Quality Loan Service Corporation ("QLS") (collectively, "Defendants"), for causes of action arising out of Defendants' initiation of foreclosure on Plaintiff's home. *See* ECF No. 1-1 (First Amended Complaint, or "FAC"). Before the Court is Chase's motion to dismiss. ECF No. 10. The Court finds this matter suitable for resolution without oral argument and accordingly VACATES the motion hearing set for September 7, 2017. Having considered the parties' submissions, the relevant law, and the record in this case, the Court GRANTS in part and DENIES in part Chase's motion to dismiss.

## I. BACKGROUND

### A. Factual Background

Plaintiff financed the real property at 1228 Naglee Avenue in San Jose, California ("the Property"), through a loan secured by a Deed of Trust. *See* FAC ¶¶ 1, 16. Plaintiff alleges in his FAC that Plaintiff financed the Property on October 2, 2002, and Plaintiff's FAC incorporates by reference the Deed of Trust, which is attached to Plaintiff's FAC as Exhibit A. *See id.* ¶ 16. However, the October 2, 2002 Deed of Trust attached to Plaintiff's FAC names only Neil J. Evans as borrower, and Fremont Investment & Loan as lender. *See id.*, Ex. A. The October 2, 2002 Deed of Trust does not mention Plaintiff. *See id.* Accordingly, it is unclear from Plaintiff's FAC when Plaintiff came into possession of the Property, and when Plaintiff became a borrower on the loan.

According to the FAC, "[o]n or about October 2, 2015, Chase caused [QLS] to record a Notice of Default and Election to Sell under Deed of Trust" against the Property (hereinafter, the "Notice of Default"). *Id.* ¶ 17. Plaintiff's FAC attaches and incorporates by reference the October 2, 2015 Notice of Default. *Id.* The attached Notice of Default names Plaintiff as borrower on the Deed of Trust, names SunTrust Mortgage, Inc., as the lender, and provides September 5, 2007 as the date of recordation of the Deed of Trust. *Id.*, Ex. B. Accordingly, the Notice of Default attached to Plaintiff's FAC contradicts Plaintiff's allegation in his FAC that Plaintiff financed the property on October 2, 2002. *Id.* Again, it is unclear from Plaintiff's allegations and attached exhibits when Plaintiff came into possession of the Property, and when Plaintiff became a borrower on the loan.

The FAC does not provide any further factual allegations regarding the status of Plaintiff's foreclosure. However, Plaintiff alleges that he is still residing at the Property. *See id.* ¶ 1.

**B. Procedural History**

On December 18, 2015, Plaintiff sued Defendants in Santa Clara Superior Court. *See* ECF No. 11 (Request for Judicial Notice, or "RJN"), Ex. A ("Compl.").[1] Plaintiff alleged six causes of

---

[1] Chase requests judicial notice of Plaintiff's original state court complaint. *See* ECF No. 12. On a motion to dismiss, the Court is limited to "allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." *Akhtar v. Mesa*, 698 F.3d 1302, 1212 (9th Cir. 2012). The Court may take judicial notice of facts not subject to

2
Case No. 17-CV-00623-LHK
ORDER GRANTING IN PART AND DENYING IN PART JPMORGAN CHASE'S MOTION TO DISMISS

action against Defendants: (1) violation of California Civil Code § 2923.17(b)(a); (2) violation of California Civil Code § 2923.6; (3) violation of California Civil Code § 2924.11(a); (4) violation of California Civil Code § 2923.7; (5) injunctive relief pursuant to California Civil Code § 2924.12(a); and (6) violation of the Unfair Competition Law ("UCL"), Cal. Bus. and Prof. Code § 17200.

Plaintiff's original state court complaint alleged that, since 2002, Plaintiff "made any and all payments to the Defendants in a timely manner," and that Plaintiff kept his loan current until early 2014. *See id.* ¶ 17. Plaintiff alleged that, in September 2014, Plaintiff contacted Chase to seek "an explanation of an overcharged impound account." *Id.* Plaintiff alleged that he asked Chase on several occasions for clarification regarding "how, when and why Plaintiff's loan was an impound account and in an alleged state of default," but Chase failed to provide an adequate explanation to Plaintiff. *Id.* ¶ 18.

On January 22, 2016, Chase removed the action to this Court on the basis of diversity jurisdiction. *See* Case No. 16-CV-00372-LHK ("*Monet I*"), ECF No. 1. On January 29, 2016, Plaintiff filed a motion to remand, which Chase opposed on February 12, 2016. *See Monet I*, ECF Nos. 15 & 17. Plaintiff did not file a reply.

On March 14, 2016, this Court granted Plaintiff's motion to remand. *Monet I*, ECF No. 23. Specifically, the Court found that there was not complete diversity between the parties because Plaintiff and Defendant QLS were both California citizens. *Id.* at 5.

On January 3, 2017, after the case was remanded to Santa Clara Superior Court, Plaintiff filed a First Amended Complaint ("FAC"). *See* FAC. Significantly, Plaintiff removed from the FAC the factual allegations regarding Plaintiff's attempts to contact Chase regarding Plaintiff's

---

reasonable dispute that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). "[M]atters of public record" are the appropriate subjects of judicial notice. *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001), *overruled on other grounds by Galbraith v. Cty. of Santa Clara*, 307 F.3d 1119, 1125–26 (9th Cir. 2002). Plaintiff's original state court complaint is a pleading in the instant case. Moreover, Plaintiff's original state court complaint is a matter of public record, and is the proper subject of judicial notice. Accordingly, the Court GRANTS Defendant's unopposed request for judicial notice.

3
Case No. 17-CV-00623-LHK
ORDER GRANTING IN PART AND DENYING IN PART JPMORGAN CHASE'S MOTION TO DISMISS

alleged overcharged impound account. *Id.* Instead, Plaintiff's FAC alleges only general facts about the Home Affordable Modification Program ("HAMP"), in addition to laws that prohibit "dual tracking." *See id.* ¶¶ 11–13. The only specific factual allegations in Plaintiff's FAC are that Plaintiff financed the Property on October 2, 2002—which, as set forth above, is contradicted by the Deed of Trust attached to the FAC—and that Chase caused the Notice of Default to be recorded against the Property on October 2, 2015. *See* FAC ¶¶ 1, 17. Plaintiff's FAC alleges the following causes of action against Defendants: (1) violation of California Civil Code § 2923.6; (2) violation of California Civil Code § 2923.7; (3) violation of California Civil Code § 2924.17; (4) violation of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2605, 2609; (5) violation of the UCL. *See id.*

On February 7, 2017, Chase removed the FAC to the U.S. District Court for the Northern District of California. *See* ECF No. 1. Unlike Chase's removal of the original complaint, which was based on diversity jurisdiction, Chase's February 7, 2017 removal of the FAC was based on federal question jurisdiction because Plaintiff added to the FAC a cause of action under RESPA. *See id.* The instant case was assigned to United States District Judge Beth Freeman. *See* ECF No. 8.

On February 14, 2017, Chase filed a motion to dismiss the FAC. ECF No. 10 ("Mot."). Chase also filed a request for judicial notice. *See* RJN. On February 28, 2017, Plaintiff opposed Chase's motion. ECF No. 15 ("Opp."). On March 7, 2017, Chase filed a Reply. ECF No. 16 ("Reply").

On July 13, 2017, Judge Freeman issued a referral for the purpose of determining the relationship of this case to *Monet I*. *See* ECF No. 17. On July 13, 2017, the undersigned judge issued an order relating the instant case to *Monet I*. *Id.* Accordingly, the instant case was reassigned to the undersigned judge on July 14, 2017. ECF No. 19.

Defendant QLS has not appeared in this matter.

**II.  LEGAL STANDARD**

**A.  Motion to Dismiss Under Rule 12(b)(6)**

4
Case No. 17-CV-00623-LHK
ORDER GRANTING IN PART AND DENYING IN PART JPMORGAN CHASE'S MOTION TO DISMISS

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." A complaint that fails to meet this standard may be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6). The United States Supreme Court has held that Rule 8(a) requires a plaintiff to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (internal quotation marks omitted). For purposes of ruling on a Rule 12(b)(6) motion, the Court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).

The Court, however, need not accept as true allegations contradicted by judicially noticeable facts, *see Schwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000), and it "may look beyond the plaintiff's complaint to matters of public record" without converting the Rule 12(b)(6) motion into a motion for summary judgment, *Shaw v. Hahn*, 56 F.3d 1128, 1129 n.1 (9th Cir. 1995). Nor must the Court "assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011) (per curiam) (internal quotation marks omitted). Mere "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004).

**B.      Leave to Amend**

If the Court determines that a complaint should be dismissed, it must then decide whether to grant leave to amend. Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend "shall be freely given when just so requires," bearing in mind "the underlying purpose of Rule 15 to facilitate decisions on the merits, rather than on the pleadings or technicalities." *Lopez

5

*v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (alterations and internal quotation marks omitted). When dismissing a complaint for failure to state a claim, "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Id.* at 1130 (internal quotation marks omitted). Accordingly, leave to amend generally shall be denied only if allowing amendment would unduly prejudice the opposing party, cause undue delay, or be futile, or if the moving party has acted in bad faith." *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008).

## III. DISCUSSION

Chase moves to dismiss four out of five of the FAC's causes of action. Specifically, Chase moves to dismiss Plaintiff's state law causes of action under (1) California Civil Code § 2923.6(a); (2) California Civil Code § 2923.7; (3) California Civil Code § 2924.17; and (4) California Business and Professions Code § 17200. Chase does not move to dismiss Plaintiff's cause of action under RESPA. The Court considers each of the challenged causes of action below.

### A. California Civil Code § 2923.6(a)

Count One of the FAC alleges that Chase violated California Civil Code § 2923.6(a). *See* FAC ¶¶ 19–23. California Civil Code § 2923.6(a) provides as follows:

> (a) The Legislature finds and declares that any duty that mortgage servicers may have to maximize net present value under their pooling and servicing agreements is owed to all parties in a loan pool, or to all investors under a pooling and servicing agreement, not to any particular party in the loan pool or investor under a pooling and servicing agreement, and that a mortgage servicer acts in the best interests of all parties to the loan pool or investors in the pooling and servicing agreement if it agrees to or implements a loan modification or workout plan for which both of the following apply:
>
> (1) The loan is in payment default, or payment default is reasonably foreseeable.
>
> (2) Anticipated recovery under the loan modification or workout plan exceeds the anticipated recovery through foreclosure on a net present value basis.

Cal. Civ. Code § 2923.6(a). Plaintiff alleges that Defendants violated this section by "ref[using] to

6

Case No. 17-CV-00623-LHK
ORDER GRANTING IN PART AND DENYING IN PART JPMORGAN CHASE'S MOTION TO DISMISS

review Plaintiff for a loan modification despite § 2923.6(a)." FAC ¶ 21.

The Court agrees with Chase that Plaintiff's cause of action under § 2923.6(a) must be dismissed. Section 2923.6(a) refers "only to servicers and parties in a loan pool," and Plaintiff "does not allege that he is either a servicer or a party in a loan pool." *Pantoja v. Countrywide Home Loans, Inc.*, 640 F. Supp. 2d 1177, 1188 (N.D. Cal. July 9, 2009). Rather, Plaintiff alleges only that he financed the Property on October 2, 2002—which, as set forth above, is contradicted by the Deed of Trust attached to the FAC—and that Chase caused the Notice of Default to be recorded against the Property on October 2, 2015. *See* FAC ¶¶ 1, 17. Accordingly, based on the allegations in the FAC, § 2923.6(a) "is not applicable" to Plaintiff, and Plaintiff's claim under § 2923.6(a) must be dismissed. *See Pantoja*, 640 F. Supp. 2d at 1188; *see also Parker v. U.S. Bancorp*, 2016 WL 7495824, at *3 (C.D. Cal. Sept. 13, 2016) (granting motion to dismiss § 2923.6(a) claim because Plaintiff did not allege that Plaintiff was servicer or party in a loan pool); *Thompson v. Wells Fargo Bank, N.A.*, 2016 WL 6038970, at *6 (E.D. Cal. Oct. 13, 2016) (dismissing § 2923.6(a) claim because the plaintiff "failed to allege facts to show the existence of a pooling or servicing agreement," and because if any duty was created by § 2923.6(a), it was only "a duty imposed on mortgage services for the benefit of investors," not to mortgagors such as plaintiff); *Tapia v. Wells Fargo Bank, N.A.*, 2015 WL 4650066, at *2 (C.D. Cal. Aug. 4, 2015) ("[M]ortgagors do not have a private right of action under § 2923.6(a)."). Moreover, even assuming Plaintiff was a "servicer or party in a loan pool," Plaintiff has still failed to state a claim in Count One. Plaintiff alleges in Count One only that Chase "refused to review Plaintiff for a loan modification." This single vague and conclusory allegation, without any further factual detail, is not sufficient to allege that Chase violated any duty owed to Plaintiff under § 2923.6(a).

Accordingly, the Court GRANTS Chase's motion to dismiss Count One. The Court grants Plaintiff leave to amend because Plaintiff may be able to allege facts sufficient to state a claim under § 2923.6. *See Parker*, 2016 WL 7495824, at *3, 7 (dismissing § 2923.6(a) claim because Plaintiffs failed to allege that they were "servicers" or "parties in a loan pool," but nonetheless granting leave to amend the complaint); *see also Lopez,* 203 F.3d at 1127 (holding that "a district

7
Case No. 17-CV-00623-LHK
ORDER GRANTING IN PART AND DENYING IN PART JPMORGAN CHASE'S MOTION TO DISMISS

court should grant leave to amend . . . unless it determines that the pleading could not possibly be cured by the allegation of other facts" (internal quotation marks omitted)).

**B.      Violation of California Civil Code § 2923.7**

Count Two of the FAC alleges that Chase violated California Civil Code § 2923.7. *See* FAC ¶ 24. California Civil Code § 2923.7(a) "provides that when a borrower requests a foreclosure prevention alternative, 'the mortgage servicer shall promptly establish a single point of contact and provide to the borrower one or more direct means of communication with the single point of contact.'" *Penermon v. Wells Fargo Bank, N.A.*, 47 F. Supp. 3d 982, 999 (N.D. Cal. 2014) (quoting Cal. Civ. Code § 2923.7(a)). Under the statute, the established single point of contact ("SPOC") has various responsibilities to the borrower, including "[c]ommunicating the process by which a borrower may apply for an available foreclosure prevention alternative," "[c]oordinating receipt of all documents associated with available foreclosure prevention alternatives," and "[e]nsuring that a borrower is considered for all foreclosure prevention alternatives offered by, or through, the mortgage servicer, if any." *Id.* (citing Cal. Civ. Code § 2927(b)).

Plaintiff alleges in Count Two only that "Plaintiff attempted to obtain an alternative to foreclosure and requested a [SPOC] to be assigned by [Chase] to assist Plaintiff," but that "Chase failed to furnish a SPOC despite Plaintiff's request for a foreclosure prevention alternative." *Id.* ¶¶ 26–27. Plaintiff alleges that "Plaintiff was harmed due to Defendant Chase's failure to provide a SPOC because [Plaintiff] was not afforded the rights and benefits provided by § 2923.7." *Id.* ¶ 28.

The Court agrees with Chase that these allegations are insufficient to state a claim under § 2923.7. Specifically, Plaintiff does not allege any facts regarding Plaintiff's request to Chase for "an alternative to foreclosure" or what actions, if any, Chase took in response to Plaintiff's request. *See id.* Rather, Plaintiff alleges only that Chase "failed to furnish a SPOC," and that "Plaintiff was harmed" due to Chase's conduct. *See id.* ¶¶ 26–28. These vague and conclusory allegations do not plausibly suggest that Chase violated § 2923.7. *See, e.g.*, *Saber v. JPMorgan Chase Bank, N.A.*, 2013 WL 12124000, at *3 (C.D. Cal. Oct. 9, 2013) (dismissing § 2923.7 claim

where Plaintiff alleged only that the Defendant "failed to provide him with a single point of contact," without "any additional facts to support this conclusion"); *Navas v. JPMorgan Chase Bank, N.A.*, 2015 WL 12860490, at *1 (C.D. Cal. Nov. 17, 2015) (dismissing § 2923.7 claim where Plaintiff alleged only that Defendant "fail[ed] to assign a SPOC after Plaintiff requested one with his application," without any further factual detail).

In his opposition, Plaintiff states that Count Two "is about [Chase's] failure to resolve an accounting dispute" with Plaintiff. *See* Opp. at 5. Plaintiff argues that his attempt to resolve this accounting dispute with Chase was Plaintiff's request to Chase for "an alternative to foreclosure," but that Chase did not assign Plaintiff a SPOC and Chase did not adequately resolve Plaintiff's accounting dispute. *See id.* at 6.

However, even assuming that Plaintiff's attempt to resolve an accounting dispute with Chase qualifies as a "request for a foreclosure prevention alternative" under § 2923.7, Plaintiff's FAC does not contain adequate factual allegations regarding Plaintiff's "accounting dispute" with Chase, or Plaintiff's interactions with Chase about the alleged accounting dispute. Significantly, although Plaintiff's *original* state court complaint alleged facts regarding an alleged "overcharged impound account," *see* Compl. ¶ 17, Plaintiff eliminated these allegations from his FAC. *See* FAC ¶¶ 16–18. The only remaining reference in the FAC to Plaintiff's alleged overcharged impound account is a single allegation in Count Three of the FAC. *See* ¶ 38. There, Plaintiff alleges that "Plaintiff contends Chase created an improper impound account to escrow property insurance in February 2013 because Plaintiff independently paid his property insurance." *Id.* Plaintiff alleges that Plaintiff "attempted to resolve this dispute but Chase at the time did not work with Plaintiff in an effort to resolve this dispute." *Id.* Other than this vague and conclusory allegation—which appears in only in Count Three of the FAC—the FAC contains no further facts regarding Plaintiff's "improper impound account," when Plaintiff contacted Chase about the account, what Plaintiff's contact with Chase consisted of, or how Chase responded to Plaintiff. *See id.* Indeed, as stated above, the FAC alleges almost no facts *at all* regarding the Property and Plaintiff's home loan. The only facts alleged in the FAC that are specific to Plaintiff are Plaintiff's allegations that

9

Plaintiff financed the Property on October 2, 2002—an allegation that is contradicted by the October 2, 2002 Deed of Trust attached to Plaintiff's FAC, which shows that an individual named Neil Evans was the borrower on the Property—and that a Notice of Default was recorded against the Property on October 2, 2015. *See* FAC ¶¶ 1, 17. Plaintiff's remaining allegations in the FAC discuss foreclosure laws in general, without any specific mention of Plaintiff or the Property. *See id.* ¶¶ 11–15.

Thus, to the extent Plaintiff now asserts in his opposition that Count Two is based on Plaintiff's "accounting dispute" with Chase and Chase's failure to establish a SPOC in response to Plaintiff's "accounting dispute," the FAC is devoid of factual allegations to support Plaintiff's claim. *Id.* Accordingly, the Court finds that Plaintiff has failed to state a claim in Count Two for violation of § 2923.7, and the Court GRANTS Chase's motion to dismiss Plaintiff's claim under § 2923.7. The Court affords Plaintiff leave to amend this claim because Plaintiff may be able to allege facts sufficient to state a claim under § 2923.7. *See Lopez*, 203 F.3d at 1127 (holding that "a district court should grant leave to amend . . . unless it determines that the pleading could not possibly be cured by the allegation of other facts" (internal quotation marks omitted)).

**C.      Violation of California Civil Code § 2924.17**

Count Three of the FAC alleges that Chase violated California Civil Code § 2924.17. Section 2924.17 requires that a Notice of Default or Notice of Trustee Sale be "accurate and complete and supported by competent and reliable evidence." Cal. Civ. Code § 2924.17. Plaintiff alleges in Count Three that Chase violated this statute because "Plaintiff contends Chase created an improper impound account to escrow property insurance in February 2013 because Plaintiff independently paid his property insurance," and that "Plaintiff attempted to resolve this dispute but Chase at the time did not work with Plaintiff in an effort to resolve this dispute." FAC ¶ 38.

The Court agrees with Chase that Plaintiff has failed to allege a violation of § 2924.17. "Section 2924.17 prohibits 'robo-signing,' or executing foreclosure documents without 'substantiat[ing] the borrower's default and the right to foreclose.'" *Sanguinetti v. CitiMortg., Inc.*, 2013 WL 4838765, at *5 (N.D. Cal. Sept. 11, 2013); *see also Zeppeiro v. Green Tree Serv.*,

10

*LLC*, 2014 WL 12596427, at *7 (C.D. Cal. Oct. 17, 2014) (explaining that the "intent of [§ 2924.17] is to prohibit 'the practice of robo-signing, in which servicers sign foreclosure documents without determining the right to foreclose.'" (quoting *Marquez v. Wells Fargo Bank, N.A.*, 2013 WL 5141689, at *5 (N.D. Cal. Sept. 13, 2013)). Plaintiff's vague and conclusory allegation that "Plaintiff contends Chase created an improper impound account to escrow property insurance," and that Plaintiff "attempted to resolve this dispute but Chase at the time did not work with Plaintiff," *see* FAC ¶ 38, does not plausibly allege that Chase foreclosed on Plaintiff's home "without determining the right to foreclose," *Zeppeiro*, 2014 WL 12596427. Indeed, as set forth above, Plaintiff's vague allegation in Count Three regarding Chase's creation of an "improper impound account" is the *only* allegation in the FAC that refers to this alleged "improper impound account." The only other factual allegations in the FAC that are specific to Plaintiff are Plaintiff's allegations that Plaintiff financed the Property on October 2, 2002—an allegation that is contradicted by the October 2, 2002 Deed of Trust attached to the FAC, which states that Neil Evans was the borrower on the Property—and Plaintiff's allegation that Chase recorded a Notice of Default on October 2, 2015. *See* FAC ¶¶ 1, 16–17. Plaintiff's single allegation regarding Chase's creation of an "improper impound account" in "February 2013" is insufficient to state a plausible claim that Chase filed the Notice of Default on October 2, 2015 without substantiating Chase's right to foreclose on the Property. *See, e.g.*, *Davis v. U.S. Bank Nat. Ass'n*, 2015 WL 2124938, at *6 (C.D. Cal. May 6, 2015) (dismissing claim under § 2924.17 based on alleged inaccuracies in defendant's filing of a Notice of Default because the Plaintiff "failed to plead sufficient facts to raise his right to relief [under § 2924.17] above the speculative level"); *Zeppeiro*, 2014 WL 12596427, at *7 (finding Plaintiff failed to allege violation of § 2924.17 where Plaintiff failed to plead any facts plausibly suggesting that the servicer improperly filed the Notice of Default).

Accordingly, the Court GRANTS Chase's motion to dismiss Count Three. The Court affords Plaintiff leave to amend this claim because Plaintiff may be able to allege sufficient facts to state a claim under § 2924.17. *See Lopez*, 203 F.3d at 1127 (holding that "a district court

11
Case No. 17-CV-00623-LHK
ORDER GRANTING IN PART AND DENYING IN PART JPMORGAN CHASE'S MOTION TO DISMISS

1 should grant leave to amend . . . unless it determines that the pleading could not possibly be cured
2 by the allegation of other facts" (internal quotation marks omitted)).

**D. UCL**

Finally, Count Five of the FAC alleges that Plaintiff violated the UCL. *See* FAC ¶¶ 41–46. The UCL prohibits "unlawful, unfair or fraudulent" business acts or practices. Cal. Bus. & Prof. Code § 7200. Chase argues that (1) Plaintiff's UCL claim fails because Plaintiff lacks standing under the UCL; and (2) even assuming that Plaintiff has standing, Plaintiff cannot state a UCL claim to the extent that Plaintiff's UCL claim is predicated on Chase's alleged violations of California Civil Code §§ 2923.6, 2923.7, and 2924.17, which are the California statutes that form the basis of Plaintiff's claims in Counts One through Three. *See* Opp. at 9–10. The Court addresses Chase's two arguments in turn.

**1. UCL Standing**

Chase argues that Plaintiff is not entitled to any remedy under the UCL, and thus Plaintiff lacks standing to bring a UCL claim. Here, Plaintiff seeks to recover under the UCL monetary damages and equitable relief. *See* FAC ¶¶ 43 -46.

To the extent that Plaintiff seeks to recover monetary damages under the UCL, the Court agrees with Chase that Plaintiff lacks standing to do so. As a private individual, Plaintiff cannot seek "damages, including punitive damages," under the UCL. *See Korea Supply Co. v. Lockheed Martin Corp.*, 63 P.3d 937, 1148 (Cal. 2003). Rather, as a private individual, Plaintiff is "limited to injunctive relief and restitution." *Foronda v. Wells Fargo Home MOrtg., Inc.*, 2014 WL 6706815, at *8 (N.D. Cal. Nov. 26, 2014). Thus, Plaintiff may not obtain damages under the UCL as a matter of law, and the Court GRANTS with prejudice Chase's motion to dismiss Plaintiff's UCL claim to the extent Plaintiff seeks monetary damages under the UCL. *See In re Tobacco II Cases*, 207 P.3d 20, 29 (Cal. 2009) ("A UCL action is equitable in nature; damages cannot be recovered" (internal quotation marks omitted)).

However, to the extent Plaintiff seeks an injunction under the UCL, the Court finds that Plaintiff has standing to seek injunctive relief. Plaintiff alleges that he currently resides in the

12
Case No. 17-CV-00623-LHK
ORDER GRANTING IN PART AND DENYING IN PART JPMORGAN CHASE'S MOTION TO DISMISS

1 Property, and Plaintiff alleges that Chase has wrongfully initiated foreclosure proceedings against the Property. *See* FAC ¶ 1, 16–17. Courts have consistently recognized that "the threat of foreclosure is sufficient to establish standing under the UCL" for injunctive relief. *See, e.g.*, *Foronda v. Wells Fargo Home Mortg., Inc.*, 2014 WL 6706815, at *9 (N.D. Cal. Nov. 26, 2014); *Rosenfeld v. Nationstar Mortg., LLC*, 2014 WL 457920, at *6 (C.D. Cal. Feb. 3, 2014) ("[T]he threat of foreclosure is sufficient to establish standing to assert a UCL claim"); *Stokes v. CitiMorg., Inc.*, 2014 WL 4359193, at *12 (C.D. Cal. Sept. 3, 2014) (same). Accordingly, because Plaintiff still resides at the property, and because Plaintiff alleges the threat of foreclosure, the Court finds that Plaintiff has standing under the UCL to bring a claim for injunctive relief. Thus, the Court DENIES Chase's motion to dismiss Plaintiff's UCL claim to the extent Plaintiff requests an injunction under the UCL. Because Plaintiff has standing to seek injunctive relief under the UCL, Plaintiff has standing to bring his UCL claim.

### 2. Merits of Plaintiffs' UCL Claim

Second, Chase argues that, even if Plaintiff has standing under the UCL, Plaintiff's UCL claim fails to the extent that Plaintiff's UCL claim is premised on Chase's alleged violation of §§ 2923.6, 2923.7, and 2924.17, which are the California statutes that form the basis of Plaintiff's claims in Counts One through Three. *See* Mot. at 10. Chase does not move to dismiss Plaintiff's UCL claim to the extent that Plaintiff's UCL claim is based on Chase's alleged violation of RESPA, which forms the basis of Plaintiff's claim in Count Four, which Chase also does not move to dismiss. *See id.*

The UCL provides a cause of action for business practices that are (1) unlawful, (2) unfair, or (3) fraudulent. *See* Cal. Bus. & Prof. Code § 17200. Each prong of the UCL provides a separate and distinct theory of liability. *Lozano*, 504 F.3d at 731. Plaintiff's FAC alleges only that Chase has "engaged in unfair competition within the meaning of §§ 17200." FAC ¶ 43. Accordingly, it is not clear from the FAC whether Plaintiff is proceeding under the unlawful, unfair, or fraudulent prong. Given Plaintiff's opposition, it appears that Plaintiff's UCL claim is brought only under the "unlawful" prong. *See* Opp. at 8–9. Under the unlawful prong, "the UCL

13
Case No. 17-CV-00623-LHK
ORDER GRANTING IN PART AND DENYING IN PART JPMORGAN CHASE'S MOTION TO DISMISS

borrows violations of other laws and treats them as unlawful practices that the unfair competition law makes independently actionable." *Alvarez v. Chevron Corp.*, 656 F.3d 925, 933 n.8 (9th Cir. 2011).

To the extent Plaintiff's UCL unlawful prong claim is premised on Chase's violations of California Civil Code §§ 2923.6, 2923.7, and 2924.17, the Court agrees with Chase that Plaintiff's UCL unlawful prong claim must be dismissed. As set forth above, Plaintiff has failed to adequately allege in Counts One through Three that Chase violated California Civil Code §§ 2923.6(a), 2923.7, and 2924.17. Plaintiff's failure to adequately allege an underlying statutory violation is fatal to Plaintiff's UCL claim premised on those statutory violations. *See Das v. WMC Mortg. Corp.*, 831 F. Supp. 2d 1147, 1161 (N.D. Cal. 2011) (holding plaintiff failed to allege cause of action under UCL's "unlawful" prong where the plaintiff failed to sufficiently allege underlying statutory violations). Accordingly, to the extent Plaintiff basis his UCL claim on Chase's violation of California Civil Code §§ 2923.6(a), 2923.7, and 2924.17, the Court GRANTS Chase's motion to dismiss. The Court grants Plaintiff leave to amend because Plaintiff may be able to allege sufficient facts to show that Chase violated these underlying statutes, and thus that Chase violated the UCL's unlawful prong. *See Lopez*, 203 F.3d at 1127 (holding that "a district court should grant leave to amend . . . unless it determines that the pleading could not possibly be cured by the allegation of other facts" (internal quotation marks omitted)).[2]

## IV. CONCLUSION

For the foregoing reasons, Chase's motion to dismiss is GRANTED in part and DENIED in part as follows:

- The Court GRANTS with leave to amend Chase's motion to dismiss Plaintiff's claims in Counts One through Three under California Civil Code §§ 2923.6(a),

---

[2] As set forth above, Chase has not moved to dismiss Plaintiff's RESPA claim, and Chase does not move to dismiss Plaintiff's UCL unlawful prong claim to the extent it is premised on Chase's alleged violation of RESPA . Thus, to the extent Plaintiff's UCL unlawful prong claim is based on Chase's alleged violation of RESPA, Plaintiff's UCL unlawful prong claim survives.

14
Case No. 17-CV-00623-LHK
ORDER GRANTING IN PART AND DENYING IN PART JPMORGAN CHASE'S MOTION TO DISMISS

1  2923.7, and 2924.17.

- The Court GRANTS with prejudice Chase's motion to dismiss Plaintiff's UCL claim to the extent Plaintiff seeks monetary damages under the UCL. However, because Plaintiff has standing to seek injunctive relief, the Court DENIES Chase's motion to dismiss Plaintiff's UCL claim to the extent Chase argues Plaintiff lacks standing to seek injunctive relief under the UCL. The Court GRANTS with leave to amend Chase's motion to dismiss Plaintiff's UCL claim to the extent it is premised on Chase's alleged violations of California Civil Code §§ 2923.6(a), 2923.7, and 2924.17.

Should Plaintiff elect to file an amended complaint curing the deficiencies identified herein, Plaintiff shall do so within thirty (30) days of this order. Failure to meet this 30-day deadline to file an amended complaint or failure to cure the deficiencies identified in this order will result in a dismissal with prejudice. Plaintiff may not add new causes of action or parties without leave of the Court or stipulation of the parties pursuant to Federal Rule of Civil Procedure 15.

**IT IS SO ORDERED.**

Dated: September 5, 2017

*Lucy H. Koh*
LUCY H. KOH
United States District Judge

15
Case No. 17-CV-00623-LHK
ORDER GRANTING IN PART AND DENYING IN PART JPMORGAN CHASE'S MOTION TO DISMISS